UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM DAVENPORT,

                          Plaintiff,

          v.

KELLY CUNNINGHAM, DAROLD
WEEKS, CATHY HARRIS, PA
RANDALL GRIFFITH, BARBARA
BOARDMAN, LINDA BRYANT,
WILLIAM STODARD, HENRY
RICHARDS, and UNIDENTIFIED
MEDICAL DISPENSING NURSES,

                          Defendants.

NO. C10-5583 BHS/KLS

ORDER DENYING MOTION FOR
THE APPOINTMENT OF COUNSEL

          This civil rights action has been referred to United States Magistrate Judge Karen L.

Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before the court is

Plaintiff's motion for the appointment of counsel.  ECF No. 16.  Having carefully reviewed

Plaintiff's motion, and balance of the record, the court finds, for the reasons stated below, that

Plaintiff's motion should be denied.

## DISCUSSION

          No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v.

Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S.*

ORDER                                                                     1

1   *Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

2   discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may

3   appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

4   U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other*

5   *grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional

6   circumstances exist, the court must evaluate both "the likelihood of success on the merits [and]

7   the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal

8   issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting

9   *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show

10  he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

11  articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d

12  1101, 1103 (9th Cir. 2004).

13      That a *pro se* litigant may be better served with the assistance of counsel is not the test.

14  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the

15  issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development

16  of further facts during litigation.  But, if all that was required to establish the complexity of the

17  relevant issues was a demonstration of the need for development of further facts, then

18  practically all cases would involve complex legal issues.  *Id.*

19      Plaintiff maintains that he should be appointed counsel because he has limited

20  knowledge of the law, has mental and personality disorders and suffers from medical issues,

21  including Bell's Paulsey and arthritis.  In support, he attaches an excerpt from "SCC Annual

ORDER                                                                      2

Review" dated "12.05.05."  *Id.*, pp. 2, 3.  However, there is no indication that these conditions affect Plaintiff's ability to articulate his claims *pro se.*

Plaintiff's lack of legal skills is also not an exceptional circumstances to warrant the appointment of counsel.  There is nothing in the motion for counsel presented to the court to indicate that a finding of exceptional circumstances is warranted in this case.  While Plaintiff may not have vast resources or legal training, he meets the threshold for a pro se litigant.  Concerns regarding investigation and discovery, an absence of legal training and limited access to legal materials are not exceptional factors, but are the type of difficulties encountered by many pro se litigants.  There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process.

Plaintiff filed his complaint *pro se* and he has demonstrated an adequate ability to articulate his claims *pro se*.  Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them.  In his complaint, Mr. Davenport claims that he has been denied proper medical care at the SCC.  These are not complex issues.  Plaintiff has also not shown a likelihood of success on the merits other than his conclusory statements, such as "there has been an inordinate amount of resident's die here at the SCC;" complaints, made by resident's, against medical here are numerous."

Accordingly, Plaintiff's motion to appoint counsel (ECF No. 16) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

DATED this   13th   day of October, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER                                                                                          3