UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM DAVENPORT,

                Plaintiff,

v.

KELLY CUNNINGHAM, DAROLD WEEKS, CATHY HARRIS, RANDALL GRIFFITH, BARBARA BOARDMAN, LINDA BRYANT, WILLIE STODDARD, HENRY RICHARDS, and UNIDENTIFIED MED DISPENSING NURSES,

                Defendants.

No. C10-5583 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted for: August 5, 2011**

Presently before the Court is the Motion for Summary Judgment of Defendant Randall Griffith, ARNP, DNP. ECF No. 36. Defendant Griffith originally filed and served his motion on April 14, 2011, but failed to either file or serve the exhibits attached to Defendant Griffith's declaration. ECF No. 36-1. Defendant Griffith re-filed and served his declaration with the exhibits and re-noted the motion. *Id.* Plaintiff has filed no response to Defendant Griffith's motion for summary judgment. His failure to file papers in opposition may be deemed as an admission that the Defendants' motion has merit. Local Rule 7(b)(2).

Having reviewed the motion, opposition and supporting declarations and balance of the record, the Court recommends that Defendant Griffith's motion for summary judgment be granted.

REPORT AND RECOMMENDATION - 1

# STATEMENT OF FACTS

## A. Plaintiff's Claims

Plaintiff William Davenport is a civilly committed detainee and resident of the Special Commitment Center (SCC). ECF No. 5, p. 2. Plaintiff sued several employees of the SCC, including the superintendent and associate superintendent, and various medical providers, including Defendant Griffith.

At an unknown time, which Plaintiff describes as "just prior to moving from inside the McNeil Island compound out to the new SCC compound," he began having serious bouts of gout and arthritis. For the next one and one-half years, he claims that Defendant Griffith treated him with "some kinds of meds, none of which really worked." He claims that because Defendant Griffith is not a doctor, he could not properly diagnose Plaintiff's condition and therefore, was just experimenting with different treatments. Plaintiff claims that his several requests to see a real doctor or specialist in the past five and one-half years that Defendant Griffith has been treating him have been denied. *Id.*, pp. 5-6.

Plaintiff generally accuses Defendant Griffith of "deliberate sabotage" of his medical treatment. Plaintiff claims that Defendant Griffith has misrepresented their discussions, has lied to Plaintiff and staff about Plaintiff's treatment, has refused to treat "other problems" of which Plaintiff has complained, and has refused "at times to see [Plaintiff] in a timely fashion." ECF No. 5, p. 6. In particular, Plaintiff complains that Defendant Griffith did not treat him appropriately for a "very serious case of Bell's Paulsey." Plaintiff alleges that Defendant Griffith only checked to see if Plaintiff had suffered a stroke, but did not administer a steroid treatment that could have stopped the ongoing damage the rest of that day "to the cranial nerve that was dying." *Id.*, p. 7. Plaintiff claims he now suffers permanent eye and mouth damage.

REPORT AND RECOMMENDATION - 2

Plaintiff also claims that he has taken at least 7 off-island trips "to different places set up by Randall Griffith that was a trip for nothing for one reason or another." ECF No. 5, p. 10.

Plaintiff also states that he believes Defendant Griffith is retaliating against him by providing inadequate medical treatment because Plaintiff previously filed a lawsuit naming Randall Griffith as a defendant on April 25, 2006 (Cause No. 06-2-07593-1). ECF No. 5, p. 10.

**B.    Medical Care Provided by Defendant Griffith**

In support of his motion for summary judgment, Defendant Griffith provides his declaration and copies of Plaintiff's medical records. ECF No. 36-2, p. 1-21.

Defendant Griffith received his Master's in Nursing from Gonzaga University in 1999 and a Doctorate of Nursing Practice (DNP) from the University of Washington in 2010. He is the principal of OMNI-MED, INC. Since 2004 he has served as an independent contractor to the Washington State Department of Social and Health Services (DSHS) and has been contracted to provide health care to the detainees and civilly committed individuals at the SCC. ECF No. 36-2, pp. 1-2.

Defendant Griffith has reviewed his treatment of Plaintiff and he has reviewed Plaintiff's medical records covering Plaintiff's care at the SCC. According to Defendant Griffith, the care he administered to Plaintiff complied with the standard of care of a reasonably prudent ARNP practicing under the same or similar circumstances.

**1.    Treatment of Bell's Palsy**

Prior to 2007 the Plaintiff was seen by health care practitioners and eye specialists to treat right sided Bell's Palsy. Bell's Palsy occurs when the nerve that controls facial muscles on one side of the face becomes swollen or inflamed. According to Defendant Griffith, Plaintiff was appropriately treated and the issue resolved prior to 2007. In 2010 and 2011, Defendant Griffith

REPORT AND RECOMMENDATION - 3

arranged optometry referrals for Plaintiff. ECF No. 36-2, p. 3, Exh. A. The specialists have noted some ongoing problems with dry eyes and nearsightedness, but Plaintiff has not been re-diagnosed with Bell's Palsy and has no ongoing problems with Bell's Palsy. *Id.*

### 2. Joint Pain/Arthralgias

Plaintiff has suffered from ongoing episodes and flare-ups of joint pain throughout the years (referred to in Plaintiff's complaint as "gout" and "arthritis"). Plaintiff has been successfully managed with the use of low dose steroids to combat the inflammation and short doses of narcotic pain medication for breakthrough pain. Under this regimen, his condition has been controlled. ECF No. 36-2, p. 3; pp. 10-15 (Exh. B). This regimen was endorsed by the rheumatology clinic at Harborview Medical Center in 2010. ECF No. 36-2, p. 10 (Exh. B). The regimen is also similar to a rheumatology plan that was adopted after consult with a rheumatologist on May 11, 2006. ECF No. 36-2, pp. 17-21 (Exh. C).

### 3. Off-Island Trips

There have been times when Plaintiff has been referred to specialists who are located off of McNeil Island, where the SCC is located. Defendant Griffith states that he has no control over transportation arrangements made to see providers. After Defendant Griffth makes a referral for a SCC resident to see a specialist off-island, the transportation arrangements are made by SCC administrative staff and security. ECF No. 36-2, p. 4.

### 4. Prior Lawsuit

Since 2004, Defendant Griffith has been the subject of several complaints by detainees to the Washington State Department of Health, and has been a defendant in more than one lawsuit. According to Defendant Griffith, frequent legal interactions and defending against frivolous lawsuits is simply part of the job for health care practitioners working at the SCC. All previous

REPORT AND RECOMMENDATION - 4

lawsuits filed against Defendant Griffith have been dismissed and he has never been found to have engaged in any unprofessional conduct by the Department of Health. ECF No. 36-2, p. 2. In addition, Defendant Griffith states that he has not permitted Plaintiff's prior lawsuit to interfere with his services as Plaintiff's health care practitioner. *Id.*, p. 4. As a SCC resident, Plaintiff's options on who he sees for medical treatment are limited and often Plaintiff's choice is either to see Defendant Griffith or refuse to seek medical care. However, Defendant Griffith has never refused to see the Plaintiff and states that he always treated Plaintiff with dignity and respect at all of Plaintiff's medical appointments. *Id.*

## STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of production to demonstrate the absence of any genuine issue of material fact. *Playboy Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1023-24 (9th Cir. 2004). A nonmoving party's failure to comply with local rules in opposing a motion for summary judgment does not relieve the moving party of its affirmative duty to demonstrate entitlement to judgment as a matter of law. *Martinez v. Stanford*, 323 F.3d 1178, 1182-83 (9th Cir. 2003).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth

REPORT AND RECOMMENDATION - 5

specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990). A court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1031 (9th Cir. 2001). This is true even when a party appears pro se. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

Where, as here, the nonmoving party is pro se, a court must consider as evidence in opposition to summary judgment all contentions "offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the party appearing pro se] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 820, 126 S. Ct. 351, 163 L.Ed.2d 61 (2005).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875

(1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. The Civil Rights Act, 42 U.S.C. § 1983, is not merely a "font of tort law." *Parratt*, 451 U.S. at 532. The plaintiff may have suffered harm, even due to another's negligent conduct, but that does not in itself necessarily demonstrate an abridgement of constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986).

Here, Plaintiff claims that Defendant Griffith violated his Eighth and Fourteenth Amendment rights to receive adequate medical care and retaliated against Plaintiff in violation of his First Amendment right to file a lawsuit.

**A.      Eighth and Fourteenth Amendments - Deliberate Indifference to Medical Needs**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The rights of one who is civilly committed are analyzed using the same standards that apply to pretrial detainees. *Jones v. Blanas,* 393 F.3d 918, 931-32 (9th Cir. 2004). The Eighth and Fourteenth Amendments both guarantee that inmates and detainees receive constitutionally protected medical care. *Conn v. City of Reno,* 572 F.3d 1047, 1054 (9th Cir. 2009). An officer's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment, and *a fortiori,* the Fourteenth. *Id.* at 1054-55.

The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (*citing Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but

REPORT AND RECOMMENDATION - 7

less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.1980), *citing Estelle*, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir.1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir.1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir.1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989).

Thus, to prevail in his Eighth Amendment claim, Plaintiff must show through admissible medical testimony that Defendant Griffith diagnosed and/or treated him with reckless disregard to his conditions. He has not done so. Plaintiff alleges here that Defendant Griffith "deliberately sabotaged" his medical treatment, failed to properly treat him for Bell's Palsey, gout and arthritis, and scheduled off-island medical treatments that never occurred.

REPORT AND RECOMMENDATION - 8

Although Plaintiff broadly claims that Defendant Griffith "deliberately sabotaged" his medical treatment, he fails to identify with specificity any wrongdoing on Defendant Griffith's part. He provides no specific dates, times or discussion relating to any negligent events or "misrepresentations" that may have occurred. As to his specific claims relating to Bell's Palsy, joint pain/arthralgias, and off-island trips, the evidence reflects that Defendant Griffith was not deliberately indifferent to Plaintiff's medical needs.

The medical records, which are not disputed by Plaintiff, reflect that Defendant Griffith was appropriately treated by health care practitioners and eye specialists for right sided Bell's Palsy and that the issue was resolved prior to 2007. ECF No. 36-2, p. 2. Defendant Griffith arranged optometry referrals for Plaintiff in 2010 and 2011, and while Plaintiff experiences some ongoing problems, including dry eyes and nearsightedness, he has no ongoing problems with Bell's Palsy. *Id.*, p. 3 and pp. 6-8 (Exh. A). The undisputed testimony of Defendant Griffith and Plaintiff's medical records reflect that Defendant Griffith treated Plaintiff's ongoing episodes and flare-ups of joint pain and that Plaintiff's current treatment plan for ongoing joint pain and arthralgias has been endorsed by two outside specialists. ECF No. 36-2, pp. 3 and 10 (Exhibit B).

Finally, according to Defendant Griffith's testimony, which is undisputed, he is not responsible for making transportation arrangements for detainees to see health care providers off-island. Instead, those arrangements are made by administrative staff and security of the SCC.

Plaintiff does not allege that Defendant Griffith failed to provide treatment, but complains that the treatment was "experimental" and that Defendant Griffith, in some unexplained manner, sabotaged his treatment. However, there is no medical evidence to support

REPORT AND RECOMMENDATION - 9

these claims and no medical evidence to support a claim that the medical treatment that was provided by Defendant Griffith was in some way inadequate.

In essence, Plaintiff is alleging that he is being denied the type of treatment he would like to receive. The record reflects that Defendant Griffith has a stated reason for his medical position. Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Viewing the evidence in the light most favorable to Plaintiff, the undersigned concludes that the record reflects only that Plaintiff has alleged that he has not been receiving the kind and quality of medical treatment he believes is indicated. Such a claim is not cognizable under § 1983 and therefore, Defendant Griffith's motion for summary judgment on Plaintiff's claims that Defendant Griffith failed to provide him with medical care should be granted and the claims dismissed with prejudice.

**B.      Medical Malpractice/Medical Negligence**

Plaintiff alleges that the care he received from Defendant Griffith "has been experimental, dangerous, inadequate, negligent, reckless, and just malpractice." ECF No. 5, p. 10. With the dismissal of Plaintiff's federal claims on the same facts, there is no justification for adjudicating his pendent state law tort claims. Under *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), this Court has discretion to try pendent state claims with federal claims if they derive from a common nucleus of operative facts. However, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claim should be dismissed as well." *Id.* at 726, 86 S. Ct. at 1139 (footnote omitted). *See also, Arizona v. Cook Paint & Varnish Co.*, 541 F.2d 226, 227-28 (9th Cir. 1976)

REPORT AND RECOMMENDATION - 10

(per curiam), *cert. denied*, 430 U.S. 915, 97 S.Ct. 1327, 51 L.Ed.2d 593 (1977) (reading *Gibbs* and *Wham-O-Mfg. v. Paradise Mfg. Co.,* 327 F.2d 748, 752-54 (9th Cir. 1964) as only requiring district courts not to reach out to decide state law questions that need not be decided). Pendent state law claims should be dismissed without prejudice. *See Les Shockley Racing, Inc. v. Nat'l Hot Rod Ass'n,* 884 F.2d 504, 509 (9th Cir. 1989) (citing *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 108 (1988)).

Thus, the undersigned recommends that Plaintiff's pendent state law claim of medical negligence and malpractice be dismissed without prejudice.

**C.  Retaliation Claim**

In his complaint, Plaintiff also alleges that Defendant Griffith is retaliating against him by providing inadequate medical treatment because Defendant Griffith had to spend his own money on an attorney to defend himself against claims made by Plaintiff in the 2006 lawsuit. ECF No. 5, p. 10.

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. *See Barnett v. Centoni*, 31 F.3d 813, 815-16 (9th Cir.1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995); *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir.1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir.2000), *see also Rhodes v. Robinson*, 408 F.3d 559, 569 (9th Cir.2005). Thus, the prisoner

REPORT AND RECOMMENDATION - 11

plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. *See Rhodes*, 408 F.3d at 568.

Plaintiff alleges retaliation in the form of bad medical care. The basis for the alleged retaliatory acts is the 2006 lawsuit against Defendant Griffith. It is undisputed that Plaintiff has a clearly established right to be free of retaliation for exercising his First Amendment rights. See *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989); *Carepartners LLC v. Lashway*, 545 F.3d 867, 877 (9th Cir. 2008). However, in order to prevail on a retaliation claim, Plaintiff must show that the protected conduct was a substantial or motivating factor in the defendants' conduct. *Carepartners*, 545 F.3d at 877. Only after he makes this initial showing does the burden shift to the Defendants to establish that they would have reached the same decision even in the absence of the protected conduct. *Id*.

Retaliation is not proven by simply showing that a defendant prison official took adverse action after he knew that the plaintiff prisoner had engaged in constitutionally protected activity. The overall circumstances of the alleged retaliation must be considered and not simply the order of events. Thus, although timing can be considered as circumstantial evidence of retaliatory event, timing alone cannot establish retaliation. *See Pratt v. Rowland*, 65 F.3d at 808.

Here, Plaintiff provides no credible, admissible evidence to support his claim that Defendant Griffith deliberately sabotaged his medical treatment because of a lawsuit filed three to four years before the complaints at issue here. In addition, Plaintiff fails to demonstrate any causal link between the filing of the 2006 lawsuit and the medical treatment he received. In fact,

REPORT AND RECOMMENDATION - 12

there is no evidence that Defendant Griffith provided unconstitutionally inadequate medical treatment. Thus, there can be no evidence that Defendant Griffith was in some way motivated by a desire to retaliate against Plaintiff in the rendering of that medical treatment. Accordingly, the undersigned recommends that summary judgment on this claim is also appropriate.

## CONCLUSION

For the reasons stated above, the undersigned recommends that Defendant Griffith's motion for summary judgment (ECF No. 36) be **GRANTED;** that Plaintiff's federal claims be **dismissed with prejudice,** and Plaintiff's pendent state law tort claims be **dismissed without prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 5, 2011,** as noted in the caption.

**DATED** this  8th  day of July, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13